## City of York v. Bechtel

*John W. Heller, 3rd,* City Solicitor, for plaintiff.
*Peter J. Mangan,* for defendant.

SHADLE, J., September 5, 1969.—This appeal from a summary conviction presents the problem of attempting to reconcile the prior practice and procedure in appeals from summary convictions with the provisions of the Minor Judiciary Court Appeals Act, (Act No. 355), adopted December 2, 1968, effective January 1, 1969, and our rule 85 adopted pursuant thereto.

Section 3 of the act requires a notice of appeal to be filed by a defendant with the officer of the court of common pleas, who has been designated by our rule 85 to be the clerk of the court. Subsection (c) of that section then provides that within 10 days after such filing, a copy of such notice of appeal shall be ". . . served upon the issuing authority and the district attorney, or if the summary case was prosecuted privately or by another public official, upon

his counsel or such person." Our rule 85 provides that in addition to the notices required to be given to such parties, a copy also shall be served upon the mayor of the city in cases of prosecutions for violations of city ordinances.

Subsection (d) of Section 3 of the act then requires the issuing authority to file his transcript of the proceedings with the court officer, and to send a copy thereof to defendant or his attorney. Subsection (e) provides that upon failure of the issuing authority to file and send a copy of his transcript as required, the court officer shall enter a judgment of non pros. upon praecipe of defendant.

In this case, defendant was charged by two city policemen with violating a city ordinance. They filed a complaint before an alderman of the City of York who was presiding in police court at the request of the mayor. A hearing was had and defendant was adjudged guilty on March 15, 1969. On March 25, 1969, defendant's counsel filed a notice of appeal with the clerk of the court, and on the same date delivered a copy thereof to the district attorney and mailed a copy thereof to the alderman who had acted as issuing authority. He sent no such notice to the Mayor of the City of York until April 15, 1969, and never sent any notice to the prosecuting officers or counsel on their behalf.

On April 16, 1969, the issuing authority filed a transcript of his proceedings with the clerk of the court, and on the same date sent a copy thereof to counsel for defendant. On April 17, 1969, counsel for defendant filed with the clerk of the court a praecipe for a judgment of non pros. on the ground that the issuing authority had failed to file and serve his transcript within 20 days from March 25, 1969, the date the notice of appeal was filed and served. Before any action was taken on this praecipe, counsel for the

city filed a petition to disallow the praecipe because of the failure of defendant's counsel to comply with the above provisions relating to giving notice of the appeal. Argument was had before the court.

In our opinion, the act and our rule contemplate four different steps to accomplish four objectives in an appeal from a summary conviction:

. 1. The taking of the appeal by filing notice thereof with the clerk of the court.

2. The giving of notice of such appeal by defendant to the issuing authority so that he may prepare and transmit his transcript for review.

3. The giving of notice of such appeal by defendant also to the chief officer of the municipality whose ordinance is alleged to have been violated, and to the prosecutor or his counsel, so that they may be aware of the appeal and prepare for the further proceedings thereon in court.

4. The filing with the court of the transcript of the issuing authority, and serving a copy thereof on defendant or his counsel so that the latter may know that the case is ready for review and prepare for the same.

Here, defendant properly completed the first and second steps. However, he did not comply with the third requirement. No notice of the appeal was given to the mayor of the city until April 15, 1969. Furthermore, since the case was not prosecuted by the district attorney but by "another public official," i.e., two city police officers, no notice of the appeal to the district attorney was required, but was required to be given to the prosecuting police officers (they having no counsel, and the city solicitor not being per se counsel for police officers prosecuting violations of city ordinances in police court). No such notice of appeal ever was given.

Consequently, defendant not having given notice to the mayor of the appeal until April 15, 1969, and

never having given it to the prosecuting officials, he is in no position to seek a default judgment. While it seems clear that the requirement upon the issuing authority to file and serve his transcript is distinct from, and serves a different purpose than, the notice by defendant to the mayor and prosecuting officers that he has taken an appeal, in our opinion defendant not having complied with the duties and time requirements imposed upon him, he is in no position to complain that the transcript was not filed and served until one day after he finally did notify the mayor of his appeal.

## ORDER

And now, to wit, September 5, 1969, defendant's praecipe for a judgment of non pros. is dismissed, and an exception is noted on his behalf.